UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00990-FDW-SCR

| | |
|---|---|
| PAULA GREENE PAINTER, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF J&P ENTERPRISES OF THE CAROLINAS, INC. et al, <br><br>**Plaintiffs,**<br><br>v.<br><br>JEFFERY LAMAR GREENE et al,<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** is before the Court sua sponte concerning the status of this case. On December 18, 2024, Plaintiff Paula Greene Painter, individually and derivatively on behalf of J&P Enterprises of the Carolinas, Inc. ("Plaintiff"), and Defendant Brenda Pressley filed a Joint Stipulation and Order for Defendant Brenda Pressley's Response to Plaintiff's Verified Complaint. (Doc. No. 11.) According to the Stipulation, Pressley's Counsel agreed to waive service on behalf of Pressley "on or about November 20, 2024." (Doc. No. 11, p. 1.) The parties also stipulate that Defendant Pressley may file an answer or responsive pleading by January 13, 2025. (Id.)

Federal Rule of Civil Procedure 12 provides that a defendant that has timely waived service under Rule 4(d) must serve an answer within 60 days after the request for a waiver was sent. Fed. R. Civ. P. 12(a)(1)(A)(ii); see also Fed. R. Civ. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent . . . ."). Additionally, a plaintiff must file a request for waiver of service on the docket, and a defendant, in turn, must file a waiver of service. See Fed. R. Civ. P. 4(d)(4).

Here, the parties have not filed a waiver of service, nor have they indicated when the request for waiver of service was sent. As provided in Rules 4 and 12, Defendant Pressley must file an answer or responsive pleading within 60 days of that date.

Additionally, the Stipulation was not filed or captioned as a motion, and it was not accompanied by a motion to extend any pending deadlines. Where the parties agree to requested relief and a court order is required, a consent motion—not a stipulation—is the appropriate vehicle to get there. The Stipulation's inclusion of a blank order for the Court to sign, (Doc. No. 11, p. 2), recognizes the necessity of a court order granting an extension here. See Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by a motion."). Thus, to the extent the Stipulation could be construed as a motion, it is denied.

**IT IS THEREFORE ORDERED** that to the extent the Joint Stipulation and Order for Defendant Brenda Pressley's Response to Plaintiff's Verified Complaint, (Doc. No. 11), can be construed as a motion, it is **DENIED**.

Plaintiff is **DIRECTED** to file a Request for Waiver of Service on the docket. Defendant is **DIRECTED** to file a Waiver of Service on the docket. The parties may move the Court for an extension of time to file a responsive pleading if needed.

**IT IS SO ORDERED.**

Signed: January 6, 2025

Frank D. Whitney
Senior United States District Judge