# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:24-CV-00990-FDW-SCR

| | |
|---|---|
| PAULA GREENE PAINTER, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| JEFFERY LAMAR GREENE et al, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendant Jeffery Lamar Greene's Motion to Dismiss. (Doc. No. 35.) This matter has been fully briefed, (Doc. Nos. 35, 38, 41), and is ripe for ruling. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

On November 11, 2024, Plaintiff Paula Greene Painter ("Plaintiff") filed this lawsuit against Harrison Greene, Jeffery Lamar Greene, Sally M. Greene, Samuel Carter Greene, Simeon Ross Greene, Dan Hunt, and Brenda Pressley, alleging Racketeer Influenced and Corrupt Organizations Act ("RICO") claims under federal and North Carolina law. (Doc. No. 1.) Plaintiff initiated this lawsuit in her individual capacity and as a shareholder derivative lawsuit. (Id.)

## II. STANDARD OF REVIEW

This Court must dismiss all or part of a complaint over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) 'addresses whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of his claim.'" Starr Indem. & Liab. Co. v. United States, No. CCB-18-3326, 2019 WL 4305529, at *2 (D. Md.

Sept. 11, 2019) (quoting Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012)). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Plaintiff has the burden of proving that jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

### III. ANALYSIS

Jeffery Greene moves to dismiss Plaintiff's derivative claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to verify her Complaint. (Doc. Nos. 34, 35.)

**A.  North Carolina General Statutes § 55-7-42**

Jeffery Greene argues that Plaintiff's failure to comply with the pre-litigation demand requirements of North Carolina General Statutes § 55-7-42 warrants dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1). (Doc. Nos. 34, 35.) "In evaluating a derivative claim, a federal court must determine the adequacy of pleading under federal law but determine the sufficiency of the pre-suit demand under the substantive law of the state of incorporation." Star v. TI Oldfield Dev., LLC, 962 F.3d 117, 134 (4th Cir. 2020) (citing Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 108–09 (1991)). Here, the state of incorporation is North Carolina. (Doc. No. 1, p. 2.) Under North Carolina law,

> No shareholder may commence a derivative proceeding until:
> (1) A written demand has been made upon the corporation to take suitable action; and
> (2) 90 days have expired from the date the demand was made unless, prior to the expiration of the 90 days, the shareholder was notified that the corporation rejected the demand, or unless irreparable injury to the corporation would result by waiting for the expiration of the 90-day period.

N.C. Gen. Stat. § 55-7-42. "This demand requirement allows the corporation, as the real party in interest, 'a chance to investigate the claim and, if it chooses, to vindicate its own rights before freeing its members to seek relief on its behalf.'" JT Russell & Sons, Inc. v. Russell, No. 23-CVS-363, 2024 WL 836356, at *2 (N.C. Super. Feb. 28, 2024) (quoting Al-Hassan v. Salloum, 2020 WL 855515 (N.C. Super. Ct. Feb. 20, 2022) ("discussing analogous demand requirement for derivative actions on behalf of LLCs")).

"[A] list of claims, without more, is not a proper demand." Id. To satisfy the demand requirement, a party must make "a demand upon the company to take appropriate and tangible action"; "a mere 'list of legal claims for relief to be asserted by the [shareholder] in a forthcoming lawsuit'" does not suffice. Id. (quoting Cumberland Cnty. Hosp. Sys. v. Woodcock, 2023 WL 2589269, at *7 (N.C. Super. Ct. Mar. 21, 2023)); see also DeLeuran v. Thompson, No. 25CV003828-910, 2025 WL 2427203, at *3 (N.C. Super. Aug. 22, 2025) (collecting cases).

"Compliance is 'necessary to confer standing on shareholders in a derivative action.'" JT Russell & Sons, Inc., 2024 WL 836356, at *2 (quoting Anderson v. Seascape at Holden Plantation, LLC, 241 N.C. App. 191, 203, 773 S.E.2d 78 (2015)). "[F]ailure to make a proper presuit demand deprives the plaintiff of standing and the trial court of jurisdiction." Id.

Jeffery Greene argues that Plaintiff did not meet the demand requirement and cannot rely on the irreparable injury carve out to § 55-7-42. (Doc. No. 35, pp. 5–9.) In response, Plaintiff states that she sent three demands total: the first 148 days before filing her complaint, the second 52 days before filing her complaint, and the third hours before filing her complaint. (Doc. No. 38, p. 1.) Plaintiff further argues that the Court should waive the ninety-day requirement in § 55-7-42, as she requested in her Complaint. (Id. at 5; Doc. No. 1, p. 17.) Finally, Plaintiff states that she meets the irreparable injury exception set forth in § 55-7-42. (Doc. No. 38, p. 38.)

1.  **Demand Requirement**

The Court starts by evaluating whether Plaintiff satisfied the demand requirement. First, on June 19, 2024, Plaintiff's counsel sent a letter to counsel for Jeffery Greene and his wife with the subject line "Re: Further Response to Jeff Greene's 5/17/24 Global Settlement Offer; Mediation Proposal (Time-limited Offer for pre-filing mediation)." (Id. at 12–15.) This letter details Plaintiff's claims against Jeffery and Sally Greene, calculated economic damages, frustration with Jeffery Greene, and proposal to mediate. (Id.) This letter, which includes a list of claims but does not make "a demand upon the company to take appropriate and tangible action" plainly does not satisfy the demand requirement.

Second, on September 16, 2024, Plaintiff's counsel sent a letter to Jeffery Greene with the subject line: "Re: Notice of Intent to File Claims." (Id. at 17–18.) This letter states: "[I]n satisfaction of the Notice requirements of N.C.G.S. § 55-7-42.01 *et seq.* please be advised that my client intends to initiate litigation against you, Sally Greene, and others . . . ." (Id. at 17.) The letter further states that:

> [T]he purpose of the North Carolina notice requirement[] is, theoretically, to provide the Company's Directors (i.e., you) with an opportunity to investigate and deal with wrongdoing against the company and its shareholders, such as Ms. Painter, by/through appropriate action(s) against the person(s) at fault; however, my client believes (for good reason) that you will continue to do *nothing* in response to her individual and derivative claims. Simply put, we know you will not investigate yourself or your family member[s] or others who have worked with you in harming the corporation and my client. Nevertheless, we are still required to provide this pre-filing Notice of Ms. Painter's intent to file derivative claims under North Carolina law. My client will ask the court to waive the otherwise-required ninety (90) day notice period.

Id. at 18. This letter, which simultaneously purports to comply with the demand requirement and states that Plaintiff intended to seek an exception to the demand requirement, also does not make

a "demand upon the company to take appropriate and tangible action" and therefore does not satisfy § 55-7-42.

Finally, on November 11, 2024, Plaintiff's counsel sent a letter to Jeffery Greene with the subject line: "Re: Notice of Intent to File Claims," (Id. at 20), but this letter also does not make a demand and does not satisfy § 55-7-42. Accordingly, the Court concludes that Plaintiff did not satisfy the demand requirement.[1]

### 2. Irreparable Injury

Because the Court concludes that Plaintiff did not satisfy the demand requirement, the Court next evaluates whether she meets the irreparable injury exception. Jeffery Greene argues that Plaintiff has set forth only "speculative and conclusory" evidence that the company is in danger of irreparable injury. (Doc. No. 35, p. 8.) Plaintiff responds that she satisfied this exception with detailed allegations in her Complaint. (Doc. No. 38, p. 5; Doc. No. 1, pp. 12–17.) In Defendant's view, Plaintiff argues irreparable injury from four sources. First, "Plaintiff suggests that the recent developments in the probate case for Lamar Greene's estate have created incentive to conceal alleged wrongful conduct." (Doc. No. 35, p. 8.) Second, Plaintiff makes reference to Jeffery Greene's purported statement that he would "blow everything up." (Id.) Third, Plaintiff claims that an "intense effort was made to persuade [the parties' mother] to accept a high-six or low-seven figure amount in exchange for her agreement to 'settle' all her claims in Lamar's estate." (Id. (quoting Doc. No. 1, p. 15.)) Fourth, Plaintiff states that a sale is being negotiated but that she has not received "any details of the proposed transaction." (Id. (quoting Doc. No. 1, p. 16.)) These allegations are simply too speculative to find that the irreparable injury exception was triggered.

---

[1] As such, the Court need not evaluate whether Defendants rejected the demand.

See Cumberland Cnty. Hosp. Sys., Inc. v. Woodcock, No. 22 CVS 5535, 2023 WL 2589269, at *6 (N.C. Super. Mar. 21, 2023). The Court therefore finds that it does not apply.

### 3. Waiver

Finally, the Court addresses Plaintiff's argument for waiver. Plaintiff requested "a waiver of the 90-day Notice Requirement under N.C.G.S. §55-7-42 for the filing of J&P's derivative claims" in her Complaint, stating that "[t]his is the only way that J&P and Petitioner[s] can proceed in their request for immediate equitable relief so as to prevent irreparable harm to their respective business and property interests." (Doc. No. 1, p. 17.) However, Plaintiff does not point to any authority that would permit this Court to waive the demand requirement, and the plain language of the statute also does not contemplate waiver. See N.C. Gen. Stat. § 55-7-42.

To the extent that Plaintiff argues that a demand or stay pursuant to § 55-7-43 would be futile, (Doc. No. 38, pp. 6–8), in relation to her argument for waiver, North Carolina no longer "recognize[s] an equitable exception excusing a shareholder from making demand where demand would be futile." Norman v. Nash Johnson & Sons' Farms, Inc., 537 S.E.2d 248, 261 (N.C. Ct. App. 2000) (discussing repeal of the futility exception); Allen ex rel. Allen & Brock Const. Co. v. Ferrera, 540 S.E.2d 761, 765 (N.C. Ct. App. 2000). Therefore, in the absence of clear authority permitting the Court to waive the demand requirement, the Court declines to do so.

### 4. Conclusion

The Court finds that Plaintiff failed to satisfy the requirements of North Carolina General Statutes § 55-7-42. Therefore, Plaintiff lacks standing to bring her derivative claims under North Carolina law, and the Court lacks subject-matter jurisdiction over those claims. The Court will dismiss those claims without prejudice.

**B.     Verified Complaint**

The Court declines to address Defendant's argument that Plaintiff's Complaint must be dismissed because it is not verified. (Doc. No. 35, p. 9.)

## IV.     CONCLUSION

For these reasons, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction is appropriate.

**IT IS THEREFORE ORDERED** that Defendant Jeffery Greene's Motion to Dismiss, (Doc. No. 34), is **GRANTED**. Plaintiff's North Carolina derivative claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: September 4, 2025

Frank D. Whitney
Senior United States District Judge